# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS VENABLE,<br><br>  Plaintiff,<br><br>  v.<br><br>DR. PATEL,<br><br>  Defendant. | Case No. 1:17-cv-01519-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>(ECF No. 28)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Elvis Venable is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's complaint against Defendant Patel for sexual assault in violation of the Eighth Amendment. (ECF No. 12.)

On July 11, 2019, Defendant Patel filed a motion for partial summary judgment on Plaintiff's claim for damages related to mental and emotional injuries resulting from Defendant's alleged conduct.[1] (ECF No. 28.) On August 20, 2019, after Plaintiff failed to timely file a response to Defendant's partial summary judgment motion, the Court ordered Plaintiff to file an opposition, or a statement of non-opposition, to Defendant's partial summary judgment motion within twenty-one days of service. (ECF No. 30.) Plaintiff filed his opposition to Defendant's

---

[1] Concurrent with this motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 28-1.)

1

partial summary judgment motion on September 5, 2019. (ECF No. 31.) Defendant filed a reply on September 12, 2019. (ECF No. 32.) The motion is deemed submitted. Local Rule 230(l).

## II. Legal Standard

Summary judgment is appropriate when the pleadings, disclosure materials, discovery, and any affidavits provided establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that may affect the outcome of the case under the applicable law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Id.

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The exact nature of this responsibility, however, varies depending on whether the issue on which summary judgment is sought is one in which the movant or the nonmoving party carries the ultimate burden of proof. See Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). If the movant will have the burden of proof at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." Id. (citing Celotex, 477 U.S. at 323). In contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." Id.

If the movant satisfies its initial burden, the nonmoving party must go beyond the allegations in its pleadings to "show a genuine issue of material fact by presenting affirmative evidence from which a jury could find in [its] favor." F.T.C. v. Stefanchik, 559 F.3d 924, 929 (9th Cir. 2009) (emphasis omitted). "[B]ald assertions or a mere scintilla of evidence" will not suffice in this regard. Id. at 929; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56[], its opponent must do more than simply show that there is some metaphysical doubt as to the material

facts.") (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." Soremekun, 509 F.3d at 984. Instead, "[t]he evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." Anderson, 477 U.S. at 255. Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

In arriving at these findings and recommendations, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

**III.     Discussion**

    **A.     Summary of Factual Allegations of Plaintiff's Complaint**

The events in the complaint are alleged to have occurred while Plaintiff was housed at

Kern Valley State Prison. Plaintiff names Kern Valley State Prison Doctor Patel as the sole Defendant in this action.

Plaintiff alleges as follows:

> Plaintiff hereby assert thereon August 22, 2017 he was subjected to a very humiliating situation when he was sexually assaulted by the prison doctor, Patel, who at the Time was exaiming (*sic*) him when he Forced himself upon The Plaintiff grabbing The plaintiff by the penis holding on to it while asking the plaintiff could he perform oral sex on him for Tabacco (*sic*), leaving The plaintiff in extreme Fear and intimidation. Plaintiff is in great distress over the assault on his person, by someone whom he was to trust. This assault has effected (*sic*) me To The core of depression, distrust by Prison Personel (*sic*) whom abused Their authority and/or power To commit such an offense of immoral conduct on an inmate. Plaintiff did nothing To The defendant To encourage the assault nor consented to such abuse of power. Plaintiff is having problems Functioning psychologically and is seeing The prison phycologist (*sic*) in mental health treatment.

(ECF No. 1, at 3, 5.) Plaintiff seeks compensatory damages in the amount of $100,000.00. (Id. at 6.)

**B.    Undisputed Material Facts (UMF)[2]**

1. Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP"). All events relevant to this action occurred while Plaintiff was residing at KVSP. (Plaintiff's Complaint, ECF No. 1, at 3.[3])

2. Plaintiff alleges that Defendant Patel, a doctor at KVSP, forced himself upon Plaintiff by grabbing Plaintiff by the penis, holding onto it, and asking Plaintiff if Defendant could perform oral sex on Plaintiff in exchange for tobacco. (Id.)

3. Plaintiff alleges that he is having problems functioning psychologically and is

---

[2] ECF No. 28-3. Plaintiff did not provide a separate statement of undisputed facts in his opposition. Local Rule 260(a). As a result, Defendant's Statement of Undisputed Material Facts in support of his motion for summary judgment is accepted except where brought into dispute by Plaintiff's verified complaint and Plaintiff's verified opposition to Defendant's summary judgment motion. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified pleadings and motions may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence). Unless otherwise indicated, disputed and immaterial facts are omitted from this statement.

[3] All references to page numbers are to the page numbers in the Court's CM/ECF pagination headers.

|   |   |   |
|---|---|---|
| 1 | | seeing the prison psychologist for mental health treatment. Plaintiff seeks |
| 2 | | compensatory damages in the amount of $100,000.00. (Id. at 5-6.) |
| 3 | 4. | Plaintiff was deposed on February 21, 2019. (Declaration of Robert M. Perkins, |
| 4 | | III, ECF No. 28-4, Ex. A, at 4.) |
| 5 | 5. | Plaintiff is a 46-year-old inmate. (Id. at 19.) |
| 6 | 6. | Plaintiff had an appointment with Defendant Patel on August 22, 2019. (Id. at 5.) |
| 7 | 7. | Plaintiff testified that Defendant Patel conducted an examination of Plaintiff's |
| 8 | | knees at that appointment. (Id. at 8.) |
| 9 | 8. | Plaintiff testified that, during the examination of Plaintiff's knees, Defendant Patel |
| 10 | | grabbed Plaintiff's penis. (Id. at 10.) |
| 11 | 9. | Plaintiff testified that he was wearing his pants when Defendant Patel grabbed his |
| 12 | | penis. (Id.) |
| 13 | 10. | Plaintiff testified that Defendant Patel massaged his penis over the top of |
| 14 | | Plaintiff's clothing. (Id. at 11.) |
| 15 | 11. | Plaintiff testified that Defendant Patel said, "How do you feel about getting some |
| 16 | | oral sex, man, for a cell phone?" while massaging Plaintiff's penis. (Id.) |
| 17 | 12. | Plaintiff testified that he pushed back from Defendant and left the appointment. |
| 18 | | (Id. at 11, 12, 14.) |
| 19 | 13. | Plaintiff testified that he experienced anxiety during the incident. He also testified |
| 20 | | at his deposition that he has "been going through some things mentally," including |
| 21 | | loss of sleep, having thoughts about having homosexual contact with men, and |
| 22 | | having anxiety over questioning his sexuality. Plaintiff also testified that he has |
| 23 | | seen his prison psychologist on a more frequent basis. (Id. at 15-18.) |

**C. Analysis of Defendant's Motion**

Here, Defendant Patel contends that his motion for partial summary judgment should be granted because Plaintiff's damages claim for mental and emotional injuries is barred by a provision of the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(e).

///

Section 1997e(e) provides that: "No Federal civil action may be brought by a prisoner confined in … prison …, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code)." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002). Further, a "sexual act" is defined as:

(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;

(B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person[.]

18 U.S.C. § 2246(2).

It is undisputed that Plaintiff alleges that, during an appointment with Defendant Patel on August 22, 2019, Defendant Patel grabbed and massaged Plaintiff's penis through Plaintiff's clothing, while offering to give Plaintiff oral sex and either a cell phone or tobacco. However, Plaintiff has not provided the Court with any evidence to establish a triable issue of material fact that he suffered any physical injury that was more than *de minimis* as a result of Defendant Patel's alleged sexual assault. Rather, Plaintiff's injuries are mental and emotional. Therefore, Plaintiff's damages claim for mental and emotional injuries is barred by § 1997e(e) unless Defendant Patel's alleged sexual assault was "a sexual act[.]" 42 U.S.C. § 1997e(e).

In his opposition, Plaintiff argues that he has established a triable issue of material fact regarding whether Defendant Patel's sexual assault was a "sexual act" under § 1997e(e) because touching the genitalia of another person, even through clothing, without that person's consent is

6

considered to be "sexual assault," "sexual abuse," sexual battery," or "unlawful touching" in most states and/or jurisdictions. (ECF No. 31, at 2-3.) However, a defendant's conduct is only a "sexual act" under 1997e(e) if the defendant's conduct constitutes a "sexual act" under the definition established in 18 U.S.C. § 2246(2). Further, "the statutory definition of a 'sexual act' under § 2246(2) … require[s] direct skin-to-skin contact or touching of body parts." United States v. Hayward, 359 F.3d 631, 641 (3d Cir. 2004); see also Morris v. Taylor, No. 17-cv-01528-WHO (PR), 2018 WL 4057493, at *3 (N.D. Cal. Aug. 23, 2018) (holding that, since defendant's alleged conduct of grabbing and holding plaintiff's penis and scrotum was through clothing, defendant's alleged conduct was not a "sexual act" under 42 U.S.C. § 1997e(e)); Schmidt v. Idaho Dep't of Corr., No. 1:14-cv-00242-BLW, 2016 WL 617409, at *3-*4 (D. Idaho Feb. 16, 2016) (holding that defendant's alleged conduct of rubbing plaintiff's chest and grabbing plaintiff's penis over plaintiff's clothes was not a "sexual act" under 42 U.S.C. § 1997e(e)). Therefore, since it is undisputed that Plaintiff has only alleged that Defendant Patel touched Plaintiff's penis through Plaintiff's clothing, Defendant Patel's alleged conduct is not a "sexual act" as defined by 18 U.S.C. § 2246(2) and 42 U.S.C. § 1997e(e).

Consequently, Plaintiff has failed to raise a genuine dispute of material fact that Defendant Patel's alleged conduct is a "sexual act" within the meaning of 42 U.S.C. § 1997e(e). Further, Plaintiff has failed to raise a genuine dispute of material fact that Plaintiff suffered any physical injury as a result of Defendant Patel's alleged conduct that was more than *de minimis*. Hence, Plaintiff's damages claim for mental and emotional injuries resulting from Defendant Patel's alleged conduct is barred by 42 U.S.C. § 1997e(e).

However, "§ 1997e(e) applies only to claims for mental and emotional injury." Oliver, 289 F.3d at 629. Thus, "[t]o the extent that [Plaintiff's] claims for compensatory [and] nominal … damages are premised on alleged [Eighth] Amendment violations, and not on emotional or mental distress suffered as a result of those violations, § 1997e(e) is inapplicable and those claims are not barred." Id. at 630; Allah v. Al-Hafeez, 226 F.3d 247, 251 (3d Cir. 2000) (*pro se* complaints should be liberally construed to request nominal damages where complaint fails to expressly request them). To the extent that Plaintiff has actionable claims for compensatory,

nominal or punitive damages—premised on violations of his Eighth Amendment rights, and not on any alleged mental or emotional injuries -- the claims are not barred by § 1997e(e).

Accordingly, Defendant Patel's motion for partial summary judgment should be granted as to Plaintiff's damages claim for mental and emotional injuries resulting from Defendant Patel's alleged conduct.

**IV.     Conclusion and Recommendations**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants Patel's motion for partial summary judgment of Plaintiff's damages claim for mental and emotional injuries, (ECF No. 28), be GRANTED in accordance with 42 U.S.C. § 1997e(e); and

2. That Plaintiff's damages claim against Defendant Patel for mental and emotional injuries be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 22, 2019**            /s/ *Barbara A. McAuliffe*            
                                                              UNITED STATES MAGISTRATE JUDGE