1
2
3
4
5
6
7

8              **UNITED STATES DISTRICT COURT**

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  ELVIS VENABLE,                      Case No.  1:17-cv-01519-AWI-BAM (PC)

12              Plaintiff,              **SECOND SCHEDULING ORDER**

13        v.                            **ORDER REQUIRING PARTIES TO
                                        NOTIFY WHETHER THEY CONSENT TO
14  PATEL,                              MAGISTRATE JUDGE JURISDICTION
                                        WITHIN THIRTY (30) DAYS**
15              Defendant.
                                        **ORDER DIRECTING CLERK'S OFFICE
16                                      TO SEND LOCAL RULE 281 TO
                                        PLAINTIFF**
17
                                        Telephonic Trial Confirmation Hearing:
18                                      **December 1, 2021** at 10:00 a.m. in Courtroom
                                        2 (AWI)
19
                                        Jury Trial: **January 25, 2022** at 8:30 a.m. in
20                                      Courtroom 2 (AWI)

21

22        Plaintiff Elvis Venable ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

23  *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On October 19, 2020, Defendant

24  Patel's motion for partial summary judgment was granted.  (ECF No. 40.)  Therefore, this case is

25  now ready to be set for jury trial on Plaintiff's claim against Defendant Patel for nominal,

26  compensatory, and punitive damages resulting from Defendant Patel's alleged violation of

27  Plaintiff's Eighth Amendment rights.

28  ///

                                        1

The parties are required to file pretrial statements in accordance with the schedule set forth herein.  In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, Plaintiff will be required to make a particularized showing in order to obtain the attendance of witnesses.  The procedures, requirements, and deadlines for making such a showing are outlined in detail below.  Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.[1]

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses.  It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If Plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

     1.     <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless the Court orders the warden or other custodian to permit the witness to be transported to court.  The Court will not issue such an order unless it is satisfied that the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file, <u>concurrent with the pretrial statement</u>, a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.  The motion should be entitled "Motion for

---

[1] Notwithstanding the requirements set forth herein, it is within the Court's discretion to grant a motion for the attendance of incarcerated witnesses if the moving party has shown the witnesses have relevant information and the court determines the witnesses' presence will substantially further the resolution of the case. <u>Wiggins v. County of Alameda</u>, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

1    Attendance of Incarcerated Witnesses."

2           The willingness of the prospective witness can be shown in one of two ways:  (1) the party

3    himself can swear by declaration under penalty of perjury that the prospective witness has

4    informed the party that he or she is willing to testify voluntarily without being subpoenaed, in

5    which declaration the party must state when and where the prospective witness informed the party

6    of this willingness; or (2) the party can serve and file a declaration, signed under penalty of

7    perjury by the prospective witness, in which the witness states that he or she is willing to testify

8    without being subpoenaed.

9           The prospective witness's actual knowledge of relevant facts can be shown in one of two

10   ways:  (1) if the party has actual firsthand knowledge that the prospective witness was an

11   eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in plaintiff's cell

12   and, at the time, plaintiff saw that a cellmate was present and observed the incident, plaintiff may

13   swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty

14   of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a

15   declaration signed under penalty of perjury by the prospective witness in which the witness

16   describes the relevant facts to which the prospective witness was an eye- or ear-witness.  Whether

17   the declaration is made by the party or by the prospective witness, it must be specific about the

18   incident, when and where it occurred, who was present, and how the prospective witness

19   happened to be in a position to see or to hear what occurred at the time it occurred.

20          The Court will review and rule on the motion for attendance of incarcerated witnesses,

21   specifying which prospective witnesses must be brought to court.  Subsequently, the Court will

22   issue the order necessary to cause the witness's custodian to bring the witness to court.

23          Motions for the attendance of incarcerated witnesses, if any, must be filed on or before

24   **September 21, 2021**.  Oppositions, if any, must be filed on or before **October 19, 2021**.

25          2.       Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to

26                   Testify Voluntarily

27          If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify

28   voluntarily, the party should submit with his pretrial statement a motion for the attendance of

such witnesses. Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

>    3.    Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily

It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the Court.

>    4.    Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena.  Fed. R. Civ. P. 45.  In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness.  Id.  In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses.  28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness.  The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s).  Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00.  The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later than **October 19, 2021**.  In order to ensure timely submission of the money orders, Plaintiff must notify the Court of the names and locations of his witnesses, in compliance with step one, on or before **September**

4

1   **21, 2021**.

2   The parties are advised that failure to file pretrial statements as required by this order may

3   result in the imposition of appropriate sanctions, which may include dismissal of the action or

4   entry of default.

5   Finally, the Court shall direct the Clerk's Office to provide the parties with

6   consent/decline forms.  Within **thirty (30) days** from the date of service of this order, the parties

7   shall inform the Court whether they consent to or decline Magistrate Judge jurisdiction by filling

8   out the forms and returning them to the Court.  The following is important information about

9   scheduling and trailing cases:

10   The parties are informed that District Court Judges of the Fresno Division of the Eastern

11   District of California now have the heaviest caseload in the nation.  As a result, each District

12   Judge schedules multiple trials to begin on each available trial date.

13   The Court cannot give advance notice of whether a case will proceed to trial or if the case

14   will trail or for how long because the Court does not know which cases actually will go to trial or

15   precisely how long each will last.  Once your trial date arrives, counsel, parties, and witnesses

16   must remain on 24-hour-stand-by until a court opens.  Since continuance to a date certain will

17   simply postpone, but not solve, the problem, continuances of any civil trial under these

18   circumstances will no longer be entertained, absent a specific and stated finding of good cause.

19   The Court will use its best efforts to mitigate the effect of the foregoing and to resolve all cases in

20   a timely manner.

21   One alternative is for the parties to consent to a United States Magistrate Judge

22   conducting all proceedings, including trial and entry of final judgment, pursuant to 28 U.S.C. § 28

23   U.S.C. 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305.  The Eastern District

24   Magistrate Judges, all experienced former trial lawyers, use the same jury pool and same court

25   facilities as United States District Court Judges.  Since Magistrate Judges do not conduct felony

26   trials, they have greater flexibility and schedule firm trial dates.  Judgment entered by a United

27   States Magistrate Judge is appealable directly to the United States Court of Appeal for the Ninth

28   Circuit.

5

While there are scheduling benefits to consenting to Magistrate Judge jurisdiction, substantive rulings and decisions will not be affected by whether a party chooses to consent or not.

Accordingly, the Court HEREBY ORDERS as follows:

1. This matter is set for a telephonic trial confirmation hearing before United States Senior District Judge Anthony W. Ishii on **December 1, 2021, at 10:00 a.m.** in Courtroom 2;

2. The parties shall appear telephonically for the December 1, 2021 telephonic trial confirmation hearing. Counsel for Defendant is required to arrange for the participation of Plaintiff in the telephonic trial confirmation hearing and to initiate the telephonic hearing at (559) 499-5660. Defense counsel will notify the prison litigation coordinator who will dial into the conference for Plaintiff. Because the Court may be hearing other matters using the same conference line, please wait to state your appearance until your case has been called and appearances are requested. Keep all background noise to a minimum. Use of any feature(s) that may have an impact upon the quality of voice transmission (such as speakerphones, headsets, etc.) are prohibited. Use of a landline or hand-held cell phone is required;

3. This matter is set for jury trial before United States Senior District Judge Anthony W. Ishii on **January 25, 2022, at 8:30 a.m.** in Courtroom 2;

4. Plaintiff shall serve and file a pretrial statement as described in this order on or before **September 21, 2021**;

5. Defendant shall serve and file a pretrial statement as described in this order on or before **October 19, 2021**;

6. In addition to electronically filing its pretrial statement, Defendant shall e-mail the pretrial statement to: awiorders@caed.uscourts.gov;

7. If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **September 21, 2021**;

8.  The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **October 19, 2021**;

9.  If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must notify the Court of their names and locations on or before **September 21, 2021**; and Plaintiff must submit the money orders, as described in subsection 4 of this order, to the Court on or before **October 19, 2021**;

10. The Clerk's Office shall send the parties consent/decline forms;

11. Within **thirty (30) days** from the date of service of this order, the parties shall notify the Court whether they consent to or decline Magistrate Judge jurisdiction by filling out the enclosed forms and returning them to the Court; and

12. The Clerk's Office shall send Plaintiff a copy of Local Rule 281.

IT IS SO ORDERED.

Dated:   **December 30, 2020**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE