# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS VENABLE, | Case No. 1:17-cv-01519-BAM (PC) |
| Plaintiff, | ORDER GRANTING IN PART DEFENDANT PATEL'S MOTION TO MODIFY PRE-TRIAL SCHEDULING ORDER |
| v. | |
| PATEL, | (ECF No. 59) |
| Defendants. | ORDER DIRECTING DEFENDANT TO SERVE PLAINTIFF BY WAY OF LITIGATION COORDINATOR |

Plaintiff Elvis Venable ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's claim against Defendant Patel for nominal, compensatory, and punitive damages resulting from Defendant Patel's alleged violation of Plaintiff's Eighth Amendment rights. All parties have consented to Magistrate Judge jurisdiction.  (ECF No. 44.)  Trial is currently set to begin on February 14, 2022.

Pursuant to the Court's October 19, 2021 order granting Plaintiff's request for extension of time to file pretrial statement and motions for incarcerated and unincarcerated witnesses, certain deadlines in the Court's May 18, 2021 Second Scheduling Order were extended.  (ECF No. 57.)  Specifically, Plaintiff's pretrial statement, motion for attendance of incarcerated witnesses, and notification of names and locations of unincarcerated witnesses who refuse to

testify voluntarily are now due on or before November 9, 2021, and any opposition to the motion for attendance of incarcerated witnesses and Plaintiff's money orders for any unincarcerated witnesses are due on or before November 23, 2021. (*Id.* at 2–3.) All other deadlines set in the Second Scheduling Order remained in effect. (*Id.*)

Currently before the Court is Defendant Patel's motion to modify the pre-trial scheduling order, filed October 29, 2021. (ECF No. 59.) Specifically, Defendant Patel requests that the Court extend the deadline for the filing of his pretrial statement from November 3, 2021 to December 6, 2021, and the deadline for filing objections to Plaintiff's motion for attendance of incarcerated witnesses from November 9, 2021 to December 6, 2021. Defendant argues that the Court's order did not address extension of these deadlines, and the requested modification will allow defense counsel to adequately prepare these filings because they will be due after Plaintiff's pretrial statement and motion for attendance of incarcerated witnesses. (*Id.*)

Plaintiff has not yet had an opportunity to file a response to the request, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* If the party was not diligent, the inquiry should end. *Id.*

As discussed below, the Court finds good cause to further modify the deadlines set in the Court's Second Scheduling Order, in part. Fed. R. Civ. P. 16(b).

The request for extension of the deadline to oppose Plaintiff's motion for attendance of incarcerated witnesses is denied. As noted above, the Court's October 19, 2021 already extended this deadline to November 23, 2021. (ECF No. 57, p. 3, lines 4–5.)

The request for extension of the deadline to file Defendant's pretrial statement is granted, in part. Defendant has requested that the deadline be extended to December 6, 2021. However, this matter is set for a Telephonic Trial Confirmation Hearing ("TTCH"), which is effectively the

2

pretrial conference, on December 1, 2021.  (ECF No. 50.)  As Defendant has not requested a continuance of the TTCH, the Court requires Defendant's pretrial statement to be filed no less than seven (7) days prior.  Local Rule 281(a)(1).  The deadline for Defendant's pretrial statement will therefore be extended to November 23, 2021.

Finally, the Court notes that Plaintiff likely will not receive Defendant's pretrial statement or any opposition to a motion for attendance of incarcerated witnesses before the TTCH if he is only served by mail.  Therefore, to avoid any prejudice to Plaintiff, Defendant is directed to serve copies of these filings by email to the Litigation Coordinator at Plaintiff's current institution, as well as serving Plaintiff by mail.  Defendant is also directed to inform the Litigation Coordinator that these documents are to be forwarded to Plaintiff as soon as possible upon receipt.  With this modification, the Court finds that Plaintiff will not be prejudiced by the extension granted here.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to modify the pre-trial scheduling order, (ECF No. 59), is GRANTED IN PART;
2. Defendant's opposition to Plaintiff's motion for attendance of incarcerated witnesses, if any, remains due on or before **November 23, 2021**;
3. The deadline for filing Defendant's pretrial statement is extended to **November 23, 2021**;
4. Defendant is DIRECTED to serve copies of the opposition to the motion for attendance of incarcerated witnesses and pretrial statement on Plaintiff by mail and by email to the Litigation Coordinator at Plaintiff's current institution; and
5. Defendant is DIRECTED to inform the Litigation Coordinator that these documents are to be provided to Plaintiff as soon as possible upon receipt of the email.

IT IS SO ORDERED.

Dated:   **November 1, 2021**          /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE