# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS VENABLE,<br><br>            Plaintiff,<br><br>      v.<br><br>PATEL,<br><br>            Defendant. | Case No. 1:17-cv-01519-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING PERMISSION TO RESUBMIT PRETRIAL STATEMENT<br>(ECF No. 68)<br><br>ORDER DISREGARDING PLAINTIFF'S RESUBMITTED PRETRIAL STATEMENT<br>(ECF No. 71)<br><br>ORDER CONSTRUING PLAINTIFF'S WITNESS LIST AS MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br>(ECF No. 69)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br>(ECF No. 69)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br>(ECF No. 70)<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE COURTESY COPY ON PLAINTIFF AT NEW ADDRESS |

**I.     Introduction**

Plaintiff Elvis Venable ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on

1

Plaintiff's claim against Defendant Patel for nominal, compensatory, and punitive damages resulting from Defendant Patel's alleged violation of Plaintiff's Eighth Amendment rights. All parties have consented to Magistrate Judge jurisdiction. (ECF No. 44.) This case is set for a jury trial commencing February 14, 2022.

A telephonic trial confirmation hearing ("TTCH") was held on December 13, 2021. Plaintiff, appearing *pro se*, and Robert M. Perkins III, Lucia Q. Li, and Sharon Garske,[1] counsel for Defendant, attended the hearing. As discussed on the record and explained more fully below, Plaintiff's motions requesting permission to resubmit his pretrial statement, for attendance of incarcerated witnesses, and for appointment of counsel, (ECF Nos. 68, 69, 70), are denied.

During the TTCH, Plaintiff also notified the Court that he has recently been transferred to California Correctional Institution. Accordingly, a courtesy copy of the instant order will be served on Plaintiff at his current institution.

## II.     Procedural Background

Pursuant to the May 18, 2021, Second Scheduling Order, Plaintiff's pretrial statement, motions for attendance of incarcerated witnesses at trial, and names and locations of unincarcerated witnesses who refuse to testify voluntarily, were all due on or before October 6, 2021. (ECF No. 50.)

On September 30, 2021, Plaintiff filed a notice of change of address, (ECF No. 55), and on October 18, 2021 Plaintiff filed a motion requesting an extension of time because he had recently been transferred and had not received his property or been able to attend the law library, (ECF No. 56). The Court construed the motion as requesting an extension of time to file Plaintiff's pretrial statement, motion for incarcerated witnesses, and names and locations of unincarcerated witnesses, and extended those deadlines to November 9, 2021. (ECF No. 57.)

On November 8, 2021, Plaintiff filed a brief pretrial statement and a motion indicating that he would not be calling any witnesses. (ECF Nos. 62, 63.) Defendant Patel filed a pretrial statement on November 18, 2021. (ECF No. 65.)

---

[1] Attorney Sharon Garske has not filed a notice of appearance on behalf of Defendant Patel. Ms. Garske should file a notice of appearance as soon as feasible in this action.

Currently before the Court are Plaintiff's motion requesting permission to resubmit his pretrial statement and the names of two incarcerated witnesses, both filed December 2, 2021, (ECF Nos. 68, 69), and Plaintiff's motion to appoint counsel and proposed resubmitted pretrial statement, both filed December 6, 2021, (ECF Nos. 70, 71). Defendant filed an opposition to Plaintiff's resubmitted pretrial statement on December 7, 2021. (ECF No. 72.) The motions are deemed submitted. Local Rule 230(l).

**II.     Plaintiff's Motion Requesting Permission to Resubmit Pretrial Statement**

In his motion, Plaintiff states that he seeks permission to resubmit his pretrial statement to correct the deficiencies in his previous pretrial statement. (ECF No. 68.) Plaintiff states that he is a novice of the law and was not sure what a pretrial statement consisted of. (*Id.*) In the resubmitted pretrial statement, Plaintiff sets forth his version of the undisputed and disputed facts, but does not otherwise list any additional witnesses or exhibits he will present at trial. (ECF No. 71.)

Plaintiff's request is denied. The Court's May 18, 2021 Second Scheduling Order included a copy of Local Rule 281, which sets forth in detail the form and contents of pretrial statements. (ECF No. 50-1.) The Second Scheduling Order and Local Rule 281 were served on Plaintiff at his address of record, and Plaintiff does not allege that he did not receive these documents.

Further, Plaintiff was already granted an extension of time to file his pretrial statement. (ECF No. 57.) In his motion requesting an extension of time, Plaintiff stated only that he did not have his property and that he was unable to attend the law library. (*See* ECF No. 56.) At no time did Plaintiff inform the Court that he did not understand how to file a pretrial statement or that he did not understand what should be included therein.

Finally, Plaintiff's motion states that he wishes to resubmit his pretrial statement "to correction the deficiencies" in his previous pretrial statement. (ECF No. 68.) However, Plaintiff's proposed pretrial statement, which sets forth additional undisputed and disputed facts, does not otherwise add additional information regarding what evidence or witnesses Plaintiff may wish to call at trial, and therefore would not correct the deficiencies of the original pretrial

3

statement. In consideration of all of the above, the Court does not find that Plaintiff has presented sufficient justification to allow him to resubmit his pretrial statement. Plaintiff's December 6, 2021 pretrial statement, (ECF No. 71), is therefore disregarded.

### III.  Motion for Attendance of Incarcerated Witnesses

Plaintiff has submitted the names of two incarcerated witnesses, Randolph Rachell (CDCR #F-88709) and Martin Bibbs (CDCR #H-03951). (ECF No. 69.) Plaintiff has not included any other information about these witnesses or their anticipated testimony. The Court construes the filing as a motion for attendance of incarcerated witnesses.

In determining whether to grant Plaintiff's motions for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

As explained in the Court's May 18, 2021 Second Scheduling Order, in order to obtain the attendance of incarcerated witnesses, a party is required to serve a motion for a court order requiring that the witness be brought to court at the time of trial. "The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts." (ECF No. 50, p. 2.) If the witness is not willing to testify voluntarily, the party must indicate in the motion that the incarcerated witness is not willing to testify voluntarily. (*Id.* at 3.) Further, as discussed above, any such motion was due on or before November 9, 2021, the extended deadline set by the Court's prior order. (ECF No. 57.)

///

In his November 8, 2021 filing, Plaintiff originally stated that he would not be calling any witnesses. (ECF No. 62.) Plaintiff now seeks to call two incarcerated witnesses, but has failed to provide any explanation for the change or the late filing of his request.

Even assuming Plaintiff had timely filed his request for the attendance of these incarcerated witnesses, Plaintiff has failed to include the required information regarding the witnesses' addresses, their willingness to testify, or any showing that they have actual knowledge of relevant facts. Furthermore, as discussed during the TTCH, Plaintiff does not appear to have knowledge as to what information or events his proposed witnesses would testify to during trial.

Based on the minimal information provided, the Court cannot find that the presence or testimony of these inmates will substantially further the resolution of the case such that the Court can justify the security risks or expenses of their transport to court for this trial. Plaintiff's motion for attendance of these incarcerated witnesses is therefore denied. *See Walker*, 14 F.3d at 1422 (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined).

**IV.    Motion to Appoint Counsel**

As explained during the TTCH, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

5

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners who are proceeding *pro se* almost daily. These litigants also must represent themselves at trial without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Although Plaintiff's case is proceeding to trial, this does not alone indicate a likelihood of success on the merits.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

## V.     Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion requesting permission to resubmit pretrial statement, (ECF No. 68), is DENIED;
2. Plaintiff's resubmitted pretrial statement, (ECF No. 71), is DISREGARDED;
3. Plaintiff's witness list, (ECF No. 69), is CONSTRUED as a motion for attendance of incarcerated witnesses;
4. Plaintiff's motion for attendance of incarcerated witnesses, (ECF No. 69), is DENIED;
5. Plaintiff's motion to appoint counsel, (ECF No. 70), is DENIED; and
6. The Clerk of the Court is DIRECTED to serve a copy of the instant order on Plaintiff at his current address of record and to serve a courtesy copy to: **Elvis Venable, P32015, P.O. Box 1031, Tehachapi, California 93581**.

IT IS SO ORDERED.

Dated:    **December 13, 2021**            /s/ *Barbara A. McAuliffe*            
UNITED STATES MAGISTRATE JUDGE