# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS VENABLE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PATEL,<br><br>　　　　　　Defendant. | Case No. 1:17-cv-01519-BAM (PC)<br><br>ORDER ON DEFENDANT'S MOTIONS IN LIMINE<br><br>(ECF No. 80) |

　　　Plaintiff Elvis Venable ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's claim against Defendant Patel for nominal, compensatory, and punitive damages resulting from Defendant Patel's alleged violation of Plaintiff's Eighth Amendment rights.  All parties have consented to Magistrate Judge jurisdiction.  (ECF No. 44.)  This action is currently set for jury trial to begin on April 20, 2022.[1]

　　　On January 4, 2022, Defendant filed motions in limine.  (ECF No. 80.)  Plaintiff did not file motions in limine or an opposition to Defendant's motions in limine.  By minute order issued January 21, 2022, defense counsel was directed to provide Plaintiff with a courtesy copy of the motions in limine in advance of the motion in limine hearing.  (ECF No. 83.)

---

[1] The Court issued a separate order continuing the trial date in this matter.

1

Defendant's motions were heard before the undersigned during a Zoom video conference hearing on January 31, 2022. (ECF No. 86.) Plaintiff appeared by video on his own behalf, and attorneys Robert M. Perkins, Lucia Q. Li, and Sharon A. Garske appeared by video on behalf of Defendant.

As discussed on the record, Plaintiff received a copy of Defendant's motions in limine, pursuant to the Court's minute order, on January 27, 2022. Plaintiff stated on the record that he had had an opportunity to read the motions in limine and did not intend to submit an opposition in writing. Plaintiff did not object to the motions in most part, and his limited objections are preserved on the record. Further, argument was heard from all parties on the motions at the hearing. The motions are deemed submitted. Local Rule 230(l).

**I.     Motions in Limine**

    **A.     Standard**

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored and such issues are better dealt with during trial as the admissibility of evidence arises. *See, e.g.*, *Brown v. Kavanaugh*, No. 1:08–CV–01764–LJO, 2013 WL 1124301, at *2 (E.D. Cal. Mar. 18, 2013) (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *see also In re Homestore.com Inc.*, No. CV 01–11115 RSWL CWX, 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) (holding that motions in limine should "rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial"); *see cf. Oracle Am. Inc. v. Google Inc.*, No. C 10–03561 WHA, 2012 WL

1189898, at *4 (N.D. Cal. Jan. 4, 2012) (concluding that "a broad categorical exclusion" was unwarranted).  Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine, and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury.  *Jonasson*, 115 F.3d at 440.

### B.     Defendant's Motions in Limine

For the reasons discussed at the hearing, the Court rules on each of Defendant's motions in limine as indicated below:[2]

#### I.B.     Evidence of Plaintiff's Felony Conviction

Defendant's motion to introduce evidence of Plaintiff's felony conviction under Federal Rule of Evidence 609(a)(1), limited to references to the fact of Plaintiff's conviction and that he is serving a sentence related to that conviction, is HELD IN ABEYANCE.

As discussed on the record, Plaintiff argues that he has successfully challenged the referenced conviction through the appellate process in case number TA039602 in Los Angeles Superior Court.  A ruling on Defendant's motion in limine is therefore held in abeyance pending supplemental briefing to address the validity of this conviction.  Defendant shall submit supplemental briefing on or before **February 28, 2022**.  Plaintiff may file an opposition or other response to Defendant's supplemental brief on or before **March 18, 2022**.  No reply briefs will be filed.

#### I.C.     Plaintiff's Conviction for False Representation of Identity to a Peace Officer as a Conviction Involving Dishonesty

Defendant's motion to introduce evidence of Plaintiff's conviction for false representation of identity to a peace officer in violation of Penal Code section 148.9, pursuant to Federal Rule of Evidence 609(a)(2), is GRANTED.

///

---

[2] The Court follows the paragraph numbering used in Defendant's motions in limine.  (ECF No. 80-3, pp. 3–12.)  The motions set forth in the instant order contain all motions in limine submitted by Defendant.  There is no motion at I.A.

### II. Impeachment Evidence of Specific Instances of Untruthfulness

Defendant's motion to confront Plaintiff with his previous instances of untruthfulness to CDCR staff because it is relevant and probative for Plaintiff's character for untruthfulness, pursuant to Federal Rule of Evidence 608(b), is GRANTED.

### III. Evidence of Plaintiff's Bias and Motive to Lie

Defendant's motion to admit evidence that Plaintiff previously sued Defendant for money damages because it shows bias and motive to lie, and its tendency to prove Plaintiff's ulterior motive outweighs its prejudicial impact, pursuant to Federal Rules of Evidence 403 and 404(b), is GRANTED.

As discussed on the record, Defendant should include a proposed limiting instruction to the jury regarding this evidence.

### IV. Prohibition of Plaintiff Introducing Any Evidence About His Excluded Witnesses

Defendant's motion to prohibit Plaintiff from offering any evidence, or from making any statement in the presence of the jury, about any incidents between Defendant and inmates Rochelle Randolph and Martin Bibbs, is GRANTED.

### V. Exclusion of Evidence that the State May Pay Any Judgment Against Defendant

Defendant's motion to preclude evidence of Defendant's indemnification by the State or CDCR, is GRANTED.

### VI. Exclusion of Evidence and Argument Regarding Settlement

Defendant's motion to exclude any evidence or argument of settlement offers and statements made during settlement discussions, is GRANTED.

### VII. Exclusion of Evidence that Defendant Violated the California Penal Code or Committed a Criminal Act

Defendant's motion to exclude any evidence, argument, or inference that Defendant violated any section of the Penal Code, and to prohibit any mention of criminal conduct or the penal code to avoid confusion of issues and unfair prejudice against Defendant, is GRANTED.

**VIII.   Exclusion of Opinion Testimony from Plaintiff about His Own Medical Records or Medical Conditions**

Defendant's motion to exclude testimony from Plaintiff on any medical diagnosis, opinion, prognosis, or the medical causation of any condition, or the quality of medical care provided by Defendant, is GRANTED.

As discussed on the record, Plaintiff may testify to that which he has personal knowledge, including how he felt and what he saw or heard.

**II.   Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motions in limine, (ECF No. 80), are HELD IN ABEYANCE and GRANTED, as follows:
    a. Defendant's motion in limine I.B., (ECF No. 80-3, pp. 3–4), is HELD IN ABEYANCE, as discussed on the record;
    b. Defendant's remaining motions in limine, I.C. through VIII, (ECF No. 80-3, pp. 4–12), are GRANTED, as discussed on the record;
2. Defendant shall submit supplemental briefing regarding motion in limine I.B. on or before **February 28, 2022**;
3. Plaintiff may file an opposition or other response to Defendant's supplemental brief on or before **March 18, 2022**; and
4. No reply briefs shall be filed.

IT IS SO ORDERED.

Dated:   **January 31, 2022**          /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE